| | | | |
|---|---|---|---|
| | | | Case Number **16–40086** |
| **Information to identify the case:** | | | |
| Debtor 1 | **Thomas J. Newman** | Social Security number or ITIN | **xxx–xx–8283** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Cathleen M. Newman** | Social Security number or ITIN | **xxx–xx–9402** |
| | First Name   Middle Name   Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Missouri** | Date case filed for chapter **13** | **1/7/16** |
| Case number: | **16–40086** | | |

Official Form 309I
# Order and Notice of Chapter 13 Bankruptcy Case       12/15

For the debtors listed above, a case has been filed under chapter 13 of the Bankruptcy Code. An order for relief has been entered.

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities (see Bankruptcy Code §362 and §1301 for prohibited collection actions). This means that creditors generally may not take action to collect debts from the debtors, the debtors' property, and certain codebtors. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the Court to extend or impose a stay.

Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. § 1328(f) must file a motion objecting to discharge in the Bankruptcy Clerk's Office within the deadline specified in this notice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the Bankruptcy Clerk's Office by the same deadline. (See section number 13 below for more information.)

To protect your rights, consult an attorney.

**The staff of the Bankruptcy Clerk's Office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the Court.**

**Do not file this notice with any Proof of Claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the Court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Thomas J. Newman | Cathleen M. Newman |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 5123 Kingwood Dr.<br>Saint Louis, MO 63123 | 5123 Kingwood Dr.<br>Saint Louis, MO 63123 |
| 4. | **Debtor's attorney** Name and address | Sean C. Paul<br>The Law Offices of Sean C. Paul, PC<br>8917 Gravois Rd<br>2nd Floor<br>St. Louis, MO 63123 | Contact phone: 314–827–4027<br><br>Email: scp@pklawonline.com |
| 5. | **Bankruptcy trustee**<br>Name and address | John V. LaBarge Jr<br>Chapter 13 Trustee<br>P.O. Box 430908<br>St. Louis, MO 63143 | Contact phone: (314) 781–8100 |
| 6. | **Bankruptcy Clerk's Office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 111 South Tenth Street<br>Fourth Floor<br>St. Louis, MO 63102<br>Telephone number: (314) 244–4500<br>McVCIS: 1–866–222–8029, #87<br>Electronic Case Information/PACER: https://ecf.moeb.uscourts.gov<br><br>Office Hours: Monday – Friday 8:30 a.m. – 4:30 p.m. | |

**For more information, see page 2 >**

| Debtor **Thomas J. Newman** and **Cathleen M. Newman** | | Case number **16–40086** |
|---|---|---|
| **7. Meeting of creditors and Order to Appear**<br>The debtor (both spouses in a joint case) **are ordered to appear** at the meeting to be questioned under oath by the trustee and by creditors. Creditors may attend, but are not required to do so. | **February 3, 2016 at 09:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the Court docket. | **Location:**<br>**111 South Tenth Street, First Floor, Room 1.310, St. Louis, MO 63102** |
| **8. Deadlines**<br>The Bankruptcy Clerk's Office must receive these documents and any required filing fee by the following deadlines. | **Deadline to file a complaint to challenge dischargeability of certain debts:**<br><br>**You must file:**<br>• a motion if you assert that the debtors are not entitled to receive a discharge under U.S.C. § 1328(f) or<br>• a complaint if you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4). | **Filing deadline: 4/4/16**<br>The deadline to file such complaints for any creditor added to this case after the date of the initial Notice and Order of Commencement shall be the later of the original deadline or 60 days after the date on the certificate of service of the notice given pursuant to L.R. 1009. |
| | **Deadline for all creditors to file a Proof of Claim (except governmental units):**<br>**Deadline for governmental units to file a Proof of Claim (except as otherwise provided in Fed. R. Bankr. P. 3002(c)(1)):**<br><br>**Proof of Claims:**<br>A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form is not included with this notice. You can obtain one at any Bankruptcy Clerk's Office, or by visiting www.uscourts.gov. If you do not file a Proof of Claim by the deadline, you might not be paid on your claim. To be paid, you must file a Proof of Claim even if your claim is listed in the schedules that the debtor filed.<br><br>Secured creditors retain rights in their collateral regardless of whether they file a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial.<br><br>**Proofs of Claims can be filed via the Court's Electronic Proof of Claim system (ePOC) found on the Court's web site at www.moeb.uscourts.gov.**<br>Do not include this notice with any filing you make with the Court. | **Filing deadline: 5/3/16**<br><br><br>**Filing deadline: 7/5/16** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors unless otherwise provided under Bankruptcy Rule 1019(2)(B) for converted cases. |
| **9. Filing of plan** | The debtor has not filed a plan as of this date. A copy or summary of the plan, if not enclosed, will be sent to you later.<br>The hearing on confirmation will be held on:<br>**3/3/16** at **11:00 AM**, Location: **Thomas F. Eagleton U.S. Courthouse, 111 South Tenth Street, Courtroom 7 North – Seventh Floor, St. Louis, MO 63102**<br><br>**PLEASE BE ADVISED** that at <u>any</u> hearing concerning confirmation of your plan, <u>your case may be dismissed</u> if you have not made any plan payments or if you have failed to make all payments due as of the date of the hearing.<br><br>**Deadline to Object to Confirmation of the Plan:**<br>Twenty–one (21) days after the conclusion of the meeting of creditors or at the confirmation hearing, whichever is earlier. | |
| **10. Foreign Creditors** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the Court to extend the deadline in this notice. Consult an attorney familiar with United States Bankruptcy Law if you have any questions about your rights in this case. | |

**For more information, see page 3 >**

| | |
|---|---|
| **11. Filing a chapter 13 bankruptcy case** | Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts according to a plan. A plan is not effective unless the Court confirms it. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the property and may continue to operate the business, if any, unless the Court orders otherwise. |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors, even if the case is converted to chapter 7. Debtors must file a list of property claimed as exempt. You may inspect that list at the Bankruptcy Clerk's Office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that debtors claimed, you may file an objection by the deadline. |
| **13. Discharge of debts** | Confirmation of a chapter 13 plan may result in a discharge of debts, which may include all or part of a debt. However, unless the Court orders otherwise, the debts will not be discharged until all payments under the plan are made. A discharge means that creditors may never try to collect the debt from the debtors personally except as provided in the plan. If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee by the deadline. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code §1328(f), you must file a motion objecting to discharge by the deadline. |
| **14. Docmestic Support Obligation – Child Support** | The holder of any claim for unpaid pre–petition child support is entitled to have the trustee provide such creditor with notice of the creditor's right to use the services of the state child support enforcement agency and supply such creditor with the address and telephone number of the state child support enforcement agency and an explanation of the creditor's rights to payment in the Bankruptcy case. Any creditor may request such notice and information by writing the trustee. Such creditor is further entitled to have the trustee provide the creditor with (i) notice of the granting of the discharge, (ii) any last known address of the debtor,(iii) debtor's most recent employer, and (iv) information concerning other claims on which the debtor may be liable following a discharge. Failure to request such information from the trustee shall be a waiver of the right to receive such notice from the trustee. |

**So Ordered:**

*Kathy–A Surratt–States*

United States Bankruptcy Court Judge
**Date:** 1/8/16

Any paper that you file in this bankruptcy case should be filed at the Bankruptcy Clerk's Office at the address listed in section number 6 of this Order and Notice. Registered electronic users should file through our Case Management/Electronic Case Files (CM/ECF) system at https://ecf.moeb.uscourts.gov. **This Court requires all attorneys to file electronically through CM/ECF.** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the Bankruptcy Clerk's Office or via the Internet if you have a PACER subscription. You may register for PACER at www.pacer.gov. Case status information is available 24 hours a day by contacting **McVCIS (Multi–Court Voice Case Information System)** or via the Internet using PACER. Information about the meeting of creditors, certain forms, and other matters can be obtained from the Court's website: http://www.moeb.uscourts.gov.

**Debtor information needed at the meeting of creditors:**
- Most recently filed federal and state tax returns (must be provided to trustee at least 7 days before 341 meeting)
- W–2(or W–4) forms
- Deeds to any real estate in which the debtor has any interest
- Savings, checking and investment account statements
- Personal property tax statements
- Life insurance policies on debtor's life or lives of debtor's spouse or children
- Divorce decree or separation agreement
- Documentation supporting the appropriate Statement of Current Monthly Income/Means Test/Form(s) (B122)
- Pay stubs or other earnings statements covering the 6–month period prior to the petition date (must be provided to trustee by the 45th day after the petition date)
- Records of any amounts withheld under a garnishment or levy at the time the bankruptcy case was filed.

**Debtor Identification:**
All individual debtors must provide picture identification and proof of social security number (if any) to the trustee at the meeting of creditors. Failure to do so may result in your case being dismissed or denial of your discharge, and/or criminal referral. Acceptable forms of picture identification (ID) include an original: 1)driver's license, 2)federal or state government ID, 3)student id, 4)U.S. passport, 5)military ID, or 6)resident alien card. Acceptable forms of proof of social security number include an original: 1)social security card, 2)medical insurance card, 3)pay stub, 4)W–2 form, 5)Internal Revenue Service Form 1099, 6)Social Security Administration report, or 7)statement that such documentation does not exist.